IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, a/s/o MARK and JEANNINE MASELLI, One Nationwide Plaza Columbus, OH 43215 | : : : : : : | C.A. No. 20-517 |
| Plaintiff, | : : | |
| vs. | : : | |
| SUPERIOR FIRE & ELECTRICAL SERVICES LTD, 350 Charlotte White Road Westport, MA | : : : : : | <u>JURY TRIAL DEMANDED</u> |
| and | | |
| TAYLOR MADE HOME IMPROVEMENTS, INC. 230 Burnt Hill Road Hope, RI 02831 | | |
| Defendants. | | |

**<u>COMPLAINT</u>**

Nationwide General Insurance Company, by and through its attorneys, Strauss, Factor, Laing & Lyons, and Cozen O'Connor, by way of Complaint alleges and says:

I.  **PARTIES**

1. Plaintiff, Nationwide General Insurance Company is a corporation duly organized and existing under the laws of the State of Ohio, with a principal place of business located at One Nationwide Plaza, Columbus, OH 43215. At all times relevant herein Nationwide was duly authorized to issue insurance policies in the State of Rhode Island.

2. At all times hereinafter mentioned, Mark and Jeannine Maselli ("the insureds") were the owners of the property located at 15 Naushon Court, Pawtucket, Rhode Island ("the Premises").

3. The insureds were insured through a policy of insurance issued by Plaintiff, policy number 51 38 HR 000642, which insured them against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expenses.

4. Defendant Superior Fire & Electrical Services, Ltd. ("Superior Fire") is a corporation organized and existing under the laws of Rhode Island, with a principal place of business located at 350 Charlotte White Road, Westport, Massachusetts, and at all times relevant hereto was serving as the electrical subcontractor for the construction of insured's house.

5. Defendant Taylor Made Home Improvements, Inc. ("Taylor Made") is a limited liability company organized and existing under the laws of Rhode Island, with a principal place of business located at 230 Burnt Hill Road, Hope, Rhode Island, and at all times relevant hereto was serving as a subcontractor for the construction of the insured's house.

## II.  JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## III.  FACTUAL ALLEGATIONS

8. On or about September 13, 2018, the insureds entered into a construction with AJA Design for the construction of the Premises.

9. Pursuant to this contract, AJA Design entered into a subcontract with Taylor Made for construction services, and Superior Fire for electrical installation work at the Premises.

10. Sometime prior to December 11, 2019, Defendant Taylor Made installed a heated floor mat in the master bathroom. The heated floor mat was too large, so Taylor Made rolled up the excess heated floor mat, cut a hole in the floor and dropped the excess rolled up heated floor mat in between the floor joists underneath.

11. Taylor Made told plaintiff's fire investigator, Dick Morris, that they intended to spread out the excess heated floor mat on the underside of the flooring in the kitchen, but they forgot.

12. Defendant Superior Fire wired the heated floor mats to the GFCI thermostat, however, it failed to connect the ground wire, which rendered the GFCI protection useless.

13. On or about the December 11, 2019, the electrical conductors in the rolled up heated floor mat placed beneath the kitchen floor overheated and failed, resulting in a fire.

14. The defendants' negligent acts and omissions were the direct, legal and proximate cause of the damage suffered by the insureds and their insurer.

15. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, plaintiff has paid the insureds the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living and extra expenses incurred by the insureds on account of the fire.

16. As a result of said payments, plaintiff is both legally and equitably subrogated to any and all claims that the insureds may have against the defendants.

## COUNT I
**(Negligence v. Taylor Made)**

17. Plaintiff incorporates by reference the averments in paragraphs 1 through 16 as though each were fully set forth at length herein.

LEGAL\36346286\1 00012.0008.000/383585.000

18. The fire referred to above and consequent damage and destruction to the insureds' property was caused by the negligent actions and omissions of defendant Taylor Made, its agents, servants and/or employees, both generally and in the following particulars:

    a) Installing the heated floor mat in violation of the manufacturer's instructions;
    b) Rolling up the heated floor map and placing it beneath the kitchen floor; Installing the heated floor mat in violation of the manufacturer's instructions, the applicable building codes, and the standard of care required of an installer.

19. By reason of the aforesaid negligent actions- and omissions of Taylor Made, the fire referred to above occurred and resulted in damage and destruction to plaintiff's insureds' property.

WHEREFORE, plaintiff demands judgment against Taylor Made in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## COUNT II
**(Breach of Warranty v. Taylor Made)**

20. Plaintiff hereby incorporates paragraph 1 through 19 as though fully set forth herein.

21. Defendant Taylor Made impliedly warranted that its work would be performed in a workmanlike manner and in accordance with industry standards, and also that the installation would conform to all applicable building and plumbing codes, and also that the building insulation would be installed in accordance with the manufacturer's instructions.

22. The defendant breached these implied warranties by rolling up the heated floor mat and leaving it underneath the kitchen floor.

23. The breaches of warranty described above were the legal, direct and proximate cause of the fire and the resulting damages suffered by the plaintiff and its insureds.

WHEREFORE, plaintiff demands judgment against defendant Taylor Made in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

### COUNT III
**(Negligence v. Superior Fire)**

24. Plaintiff incorporates by reference the averments in paragraphs 1 through 23 as though each were fully set forth at length herein.

25. The fire referred to above and consequent damage and destruction to the insureds' property was caused by the negligent actions and omissions of defendant Superior Fire, its agents, servants and/or employees, both generally and in the following particulars:

   a) Connecting the electrical conductors to the GFCI thermostat without connecting the ground wire; and
   b) Wiring the electrical conductors in violation of the manufacturer's instructions and the applicable building and electrical codes, and the standard of care required of an electrician.

26. By reason of the aforesaid negligent actions and omissions of Superior Fire, the fire referred to above occurred and resulted in damage and destruction to plaintiff's property.

WHEREFORE, plaintiff demands judgment against defendant Superior Fire in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

### COUNT IV
**(Breach of Warranty v. Superior Fire)**

27. Plaintiff hereby incorporates paragraph 1 through 26 as though fully set forth herein.

28. The defendant Superior Fire impliedly warranted that its work would be performed in a workmanlike manner and in accordance with industry standards, and also that the

installation would conform to all applicable building and electrical codes, and also that the heated floor mat would be installed in accordance with the manufacturer's instructions.

29. The defendant breached these implied warranties by failing to connect the ground wire for the heated floor mat, thereby defeating the thermostat's GFCI protection.

30. The breaches of warranty described above were the legal, direct and proximate cause of the fire and the resulting damages suffered by the plaintiff and its insureds.

WHEREFORE, plaintiff demands judgment against Superior Fire in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

Dated: December 10, 2020

>
> Respectfully submitted,
>
> STRAUSS, FACTOR, LAING & LYONS
>
> By:  *Thomas W. Lyons*
> Thomas W. Lyons, #2946
> One Davol Square, Suite 305
> Providence, RI  02903
> Tel:  401-456-0709
> Fax:  401-421-4730
> E:  tlyons@straussfactor.com

Of Counsel:
MATTHEW F. NOONE, ESQUIRE
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215)665-2192 (phone)
(215)701-2192 (fax)
mnoone@cozen.com

*Attorneys for Plaintiff*